IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00562-LTB-KMT

ANGELA DWYER,

    Plaintiff,

v.

FIRST FINANCIAL ASSET MANAGEMENT, INC., a Delaware corporation,

    Defendant.

## PROTECTIVE ORDER

Pursuant to stipulation of the parties and in accordance with the provisions of Fed.R.Civ.P. 26(c),

IT IS HEREBY ORDERED THAT

1. Confidential information shall be designated by stamping "CONFIDENTIAL" on the copies of the document produced. Stamping "CONFIDENTIAL" on the cover of any multipage document shall designate all pages of the document as Confidential Material, unless otherwise stated by the producing party. In the case of deposition testimony, a party may request at the time a question is asked, or at the end of the deposition, that any portion of the deposition transcript be designated confidential. A party may designate any portion of a deposition as "CONFIDENTIAL" after transcription of the deposition, provided that written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

2. Information shall be designated "CONFIDENTIAL" only after counsel for the party making the designation has reviewed, or heard, the information and believes, in good faith, that the information is confidential or otherwise entitled to protection.

3. The confidential information discussed in ¶1 above, and all tangible embodiments thereof, all copies thereof, the substance thereof, and all information contained therein (hereinafter collectively referred to as "Confidential Material"):

(a) shall not be disclosed or distributed by counsel, or any other person receiving, viewing or hearing the Confidential Material ("Receiving Person") to any person other than to (1) counsel for either party as identified in ¶8 below, (2) insurance carriers for either party, (3) partners, employees and agents of counsel for either party, (4) any consulting or testifying experts hired by counsel for either party, who are assisting counsel in preparation of this action for trial (subject to ¶3(c) below), (5) the Court and its employees, and (6) Plaintiff ("Plaintiff") and Defendant (the "Defendant"), its officers, directors and employees;

(b) shall be filed with the Court, should filing be desired or required, in accordance with D.C.Colo.LCivR 7.2 and 7.3; and,

(c) shall not be disclosed to any consulting or testifying expert unless the party making the disclosure follows the provisions of ¶5 of this Protective Order.

4. By agreeing to the limited disclosure permitted under this Protective Order, no party waives its claim that Confidential Material is confidential. All parties agree that a disclosure in accordance with this Protective Order does not constitute a waiver of a party's claim or position that the information so disclosed is confidential. All parties agree that no party will contend that the failure to mark a particular document "CONFIDENTIAL" or to designate any portion or a deposition as "CONFIDENTIAL" constitutes a waiver of the other party's position, if any, that a document or a portion of a deposition contains Confidential Material, unless the party seeking to assert waiver first notifies the other party in writing of its intention to claim waiver and gives the other party three (3) business days within which to designate as confidential the document or portion or deposition transcript at issue.

5. Before disclosing any Confidential Material to any consulting or testifying expert, counsel for the disclosing party or parties shall have the consulting or testifying expert read this Protective Order and shall explain the contents of this Protective Order to that person. The consulting or testifying expert shall agree to be bound to the terms of this Protective Order and shall execute a declaration identical to Exhibit "1" attached hereto.

6. During any deposition or at any hearing, Confidential Material may be disclosed to any deponent or witness. Before that disclosure is made, the disclosing party shall advise the deponent or witness (as well as counsel, if any, representing the deponent or witness) that the information about to be disclosed is subject to this Protective Order and that any further disclosure of the Confidential Material by the deponent or witness (or by his or her counsel) shall constitute a violation of the Protective Order.

7. Before trial, the parties will address the method for protecting the confidentiality of the Confidential Material during trial.

8. In accordance with this Protective Order, counsel for the parties are:
   A. In the case of Plaintiff: David M. Larson, Esq.
   B. In the case of Defendant: Sara A. Green, Esq., Steven J. Wienczkowski, Esq. and Adam L. Plotkin, Esq.

It is the responsibility of the attorneys whose signatures appear below to ensure that their partners, employees and agents who may have access to Confidential Information shall be apprised of, and adhere to, this Protective Order.

9. A party may object to the designation of particular Confidential Material by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, the party designating the information as CONFIDENTIAL shall have the obligation to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is

timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

10. The termination of proceedings in this action shall not relieve any person to whom Confidential Material was disclosed from the obligation of maintaining the confidentiality of such material in accordance with the provisions of this Protective Order.

11. Upon final termination of this action, including any appeal, each party shall assemble and shall destroy all items designated as Confidential Material by the other party. Written verification of destruction shall be given immediately after such destruction.

12. This Protective Order shall be without prejudice to the right of the parties: a) to bring before the Court at any time the question of whether any particular document or information is Confidential Material or whether its use should be restricted; or, b) to present a motion to the Court under Fed.R.Civ.P. Rule 26(c) for a separate protective order as to any particular document or information, including restriction differing from those as specified herein.

13. This Protective Order shall not be deemed to prejudice the parties in any way from making future application to this Court for modification of this Order.

14. This Protective Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without unnecessarily involving the Court in the process. Nothing in this Protective Order, nor the production of any information or document under the terms of this Protective Order, nor any proceeding pursuant to this Protective Order shall be deemed to be an

admission or waiver by either party, or to be an alteration of the confidentiality or non-confidentiality or the discoverability or non-discoverability or the admissibility or inadmissibility of any such document or information, or to be an alteration of any existing obligation of any party or the absence of any such obligation.

15. The existence of this Protective Order, including the fact that it was entered into by the parties shall not be admissible at trial of the present action, nor shall it be admissible in any other court, administrative agency or tribunal for any party, with the exception of a proceeding to enforce or interpret the terms of this Protective Order.

16. To the extent that any discovery is taken from any person who is not a party to this action ("Third Party"), and in the event such Third Party contends the discovery sought involves Confidential Material, then such Third Party may agree to execute and be bound by this Protective Order.

Dated: June 30, 2008.

BY THE COURT

s/ Kathleen M. Tafoya
Kathleen M. Tafoya
U.S. Magistrate Judge

ACCEPTED AND APPROVED AS TO FORM:

s/ David M. Larson                           s/ Steven J. Wienczkowski
_____         _____
David M. Larson, Esq.                        Steven J. Wienczkowski, Esq.
405 S. Cascade Ave., Suite 305               Adam L. Plotkin, P.C.
Colorado Springs, Colorado 80903             621 17th St., Suite 2400
Telephone: (719) 473-0006                    Denver, CO 80293
Attorney for Plaintiff                       Telephone: (303) 296-3566
                                             Attorneys for Defendant